**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FRED L. WILLIAMS; TIMOTHY
HARDEN; FLOYD LOVE, on behalf of
themselves and all others similarly
situated,
<u>Plaintiffs-Appellants,</u>

v.                                                                      No. 98-2292

EARTHGRAINS COMPANY BAKERY;
ANHEUSER-BUSCH COMPANIES, INC.;
CAMPBELL TAGGART COMPANY,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CA-97-179-3-P)

Submitted: March 23, 1999

Decided: April 21, 1999

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Pamela A. Hunter, N. Clifton Cannon, Charlene E. Bell, Charlotte,
North Carolina, for Appellants. Kurt Peterson, Jason J. Stout,
FISHER & PHILLIPS, L.L.P., Atlanta, Georgia; Michael V. Mat-

thews, LAW OFFICES OF MICHAEL V. MATTHEWS, P.C., Charlotte, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Fred L. Williams, Timothy Harden and Floyd Love appeal the district court's order granting summary judgment in favor of Earthgrains, Inc., their former employer, in this employment discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-2 (West 1994 & Supp. 1998). We affirm.

Plaintiffs were all employees of Earthgrains' bakery plant in Charlotte, North Carolina. The plant operated at a loss in 1994. In an attempt to make the plant more profitable, George Kreidel was assigned to manage it in 1995. Kreidel arranged updated skills training for employees and the purchase of new equipment. Despite Earthgrains' efforts, the plant continued to lose money, and in October 1995, Earthgrains organized a committee of executives to assess the plant and to make recommendations on improving profitability. The committee made a presentation in early November to Barry H. Beracha, the chairman and chief executive officer of Earthgrains, detailing the Charlotte plant's operating problems and offering several alternative recommendations, including closure. Considering the plant's continued poor performance in 1995 and the amount of work which would have to be done to make the plant profitable, Earthgrains decided to close the plant. The final decision to close the plant was made in mid-November, and Earthgrains informed employees of the closing on December 6, 1995.

The plant employees were unionized, and the collective bargaining agreement between the plant and the union provided for a detailed

2

grievance procedure. Plaintiffs did not file a grievance under this procedure concerning the plant shutdown. Rather, Plaintiffs filed the instant action under Title VII, contending that Earthgrains closed the plant in order to discriminate against black employees. Plaintiffs also included a state law claim of fraudulent misrepresentation on the ground that Beracha and Kreidel lied to employees about plans for closing the plant.

The district court held that the Plaintiffs were procedurally barred from bringing their Title VII and fraud claims because under the terms of the bargaining agreement, they were required to first submit these claims to arbitration. In the alternative, the district court concluded that even if Plaintiffs' claims were not so barred, their Title VII claim failed because Plaintiffs failed to rebut Earthgrains' legitimate, non-discriminatory reasons for closing the plant. As to Plaintiffs' fraud claim, the district court held that Plaintiffs failed to establish a prima facie case of fraudulent misrepresentation under North Carolina law.

Plaintiffs failed to rebut Earthgrains' legitimate, non-discriminatory reasons for closing the plant, and the district court did not err in granting summary judgment to Earthgrains on their Title VII claim on this ground. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). Likewise, Plaintiffs fail to make out a prima facie case of fraudulent misrepresentation under North Carolina law, and the district court did not err in granting summary judgment to Earthgrains on this claim. See Forbes v. Par Ten Group, Inc. , 394 S.E.2d 643, 647 (N.C. Ct. App. 1990).* Because we find that Plaintiffs failed to show they were entitled to relief on either their Title VII claims or their claims of fraudulent misrepresentation, we do not reach the issue of whether their claims were required to be submitted to arbitration under the bargaining agreement.

_____

*To the extent that Plaintiffs contend the district court erroneously struck several affidavits made by one of Earthgrains' engineers, Jeffery Lofty, we note that even considering these affidavits, Plaintiffs fail to show they are entitled to relief on either of their claims.

3

We affirm the district court's grant of summary judgment. We grant Earthgrains' motion to submit the case on the briefs because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4